UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RONNEL JACKSON, | ) | NO. EDCV 10-1600-CJC (E) |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER DISMISSING |
| PRISON GUARD D. LUTHER, et al., | ) | COMPLAINT WITH LEAVE TO AMEND |
| Defendants. | ) | |

For the reasons discussed below, the Complaint is dismissed with leave to amend. See 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

The pro se Plaintiff, a state prisoner incarcerated at the California Men's Colony ("CMC"), filed this civil rights action for damages on October 21, 2010. The caption of the Complaint indicates that the Defendants are CMC prison guard D. Luther and the California Department of Corrections and Rehabilitation. However, in the body of the Complaint Plaintiff identifies only D. Luther as a Defendant, sued

in Luther's official and individual capacities. Plaintiff alleges that Defendant Luther assertedly attempted to pay gang members to assault Plaintiff (Complaint, p. 5). Plaintiff seeks damages for emotional and mental distress, as well as nominal and punitive damages.

**DISCUSSION**

Plaintiff may not sue the California Department of Corrections and Rehabilitation in this Court. "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. This jurisdictional bar applies regardless of the nature of the relief sought." Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); see Brown v. Calif. Dep't of Corrections, 554 F.3d 747, 752 (9th Cir. 2009); Lucas v. Dep't of Corrections, 66 F.3d 245, 248 (9th Cir. 1995). Section 1983 does not abrogate Eleventh Amendment immunity. See Quern v. Jordan, 440 U.S. 332, 344-45 (1979) (footnote omitted). California has not waived its Eleventh Amendment immunity with respect to section 1983 claims. Brown v. Calif. Dep't of Corrections, 554 F.3d at 752 (citations omitted); Dittman v. State of California, 191 F.3d 1020, 1025 (9th Cir. 1999), cert. denied, 530 U.S. 1261 (2000).

Plaintiff may not sue Defendant Luther, a state prison guard, for damages in Luther's official capacity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (state officials acting in their official capacities are not "persons" subject to suit under section 1983); Aholelei v. Dep't of Public Safety, 488 F.3d 1144, 1147 (9th Cir.), cert. denied, 552 U.S. 975 (2007) ("The Eleventh Amendment bars

suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.") (citations omitted); Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988) ("[t]he eleventh amendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, i.e., money damages").

**ORDER**

The Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a First Amended Complaint. The First Amended Complaint shall be complete in itself. It shall not refer in any manner to any prior complaint. Plaintiff may not add Defendants without leave of court. See Fed. R. Civ. P. 21. Failure to file timely a First Amended Complaint in conformity with this Memorandum and Order may result in the dismissal of this action. See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of the substantive problems with his claims); Plumeau v. School

1 | District #40, County of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997)
2 | (denial of leave to amend appropriate where further amendment would be
3 | futile).
4 |
5 |     IT IS SO ORDERED.
6 |
7 |
8 |     DATED: October 27, 2010.
9 |
10 |
11 |     _____
12 |             CORMAC J. CARNEY
        UNITED STATES DISTRICT JUDGE
13 |
14 |
15 | PRESENTED this 25th day of
16 | October, 2010, by:
17 |
18 | _____/S/_____
    CHARLES F. EICK
19 | UNITED STATES MAGISTRATE JUDGE

4