**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONNEL JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>PRISON GUARD D. LUTHER, et al.,<br><br>Defendants. | NO. ED CV 10-1600-CJC(E)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

For the reasons discussed below, the First Amended Complaint is dismissed with leave to amend. See 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

The pro se Plaintiff, a state prisoner incarcerated at the California Men's Colony ("CMC"), filed this civil rights action for damages on October 21, 2010. The caption of the original Complaint identified the Defendants as CMC prison guard D. Luther and the California Department of Corrections and Rehabilitation. However,

in the body of the original Complaint, Plaintiff identified only D. Luther as a Defendant, sued in Luther's official and individual capacities. In the original Complaint, Plaintiff alleged that Defendant Luther assertedly attempted to pay gang members to assault Plaintiff (original Complaint, p. 5). Plaintiff sought damages for alleged emotional and mental distress, as well as nominal and punitive damages.

On October 27, 2010, the Court issued a Memorandum and Order dismissing the Complaint with leave to amend. On December 1, 2010, Plaintiff filed a First Amended Complaint.

The First Amended Complaint names Luther as the Defendant, in Luther's individual capacity only. The first page of the form pleading alleges: "This lawsuit is in Response to the Emotional stress suffered by Plaintiff caused by prison guard Luther, who conspired with inmates to physically assault Plaintiff." Plaintiff purports to state a claim for violation of the Fourth Amendment.[1] The "Supporting Facts" section of the form pleading alleges, in full:

> Plaintiff was informed by three individuals that prison guard Luther had conspired with inmates to physically assault Plaintiff. One of prison guard Luther's informants who[se] nickname is "Genisis" confirmed this to a number of

---

[1] However, the Eighth Amendment, not the Fourth Amendment, governs excessive force claims by state prisoners. <u>See</u> <u>P.B. v. Koch</u>, 96 F.3d 1298, 1303 n.4 (9th Cir. 1996).

people.

(First Amended Complaint, p. 5). Plaintiff does not allege that any assault ever occurred. Plaintiff seeks emotional distress damages, nominal damages and punitive damages (id., p. 6).

**DISCUSSION**

Plaintiff alleges, in conclusory fashion, that unidentified persons informed Plaintiff that Defendant assertedly had conspired to have Plaintiff assaulted. Plaintiff does not allege facts supporting these conspiracy allegations. Plaintiff's conclusory allegations of conspiracy are insufficient to allege a cognizable claim for relief. See Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999); Woodrum v. Woodward County, Okl., 866 F.2d 1121, 1126-27 (9th Cir. 1989).

To the extent that Plaintiff alleges that Defendant threatened to assault Plaintiff, mere verbal abuse and threats do not violate the Constitution. See Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).

Finally, under 42 U.S.C. section 1997e(e), Plaintiff may not bring suit "for mental or emotional injury suffered while in custody without a prior showing of physical injury." To satisfy section 1997e(e)'s physical injury requirement, Plaintiff must allege more than a de minimis physical injury. See Oliver v. Keller, 289 F.3d

623, 627-28 (9th Cir. 2002); see also Slice v. Lappin, 2010 WL 965518 (N.D. Cal. Mar. 17, 2010) (allegations of stress, anxiety, fear and depression insufficient); Harper v. Costa, 2009 WL 1684599 (E.D. Cal. June 16, 2009), aff'd, 2010 WL 3377627 (9th Cir. Aug. 27, 2010) (allegations of stress and anxiety insufficient). The First Amended Complaint contains no allegations of the requisite physical injury.

**ORDER**

The First Amended Complaint is dismissed with leave to amend. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a Second Amended Complaint. The Second Amended Complaint shall be complete in itself. It shall not refer in any manner to any prior complaint. Plaintiff may not add Defendants without leave of court. See Fed. R. Civ. P. 21. Failure to file timely a Second Amended Complaint in conformity with this Memorandum and Order may result in the dismissal of this action. See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court order); Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of the substantive problems with his

claims); Plumeau v. School District #40, County of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

IT IS SO ORDERED.

DATED: December 7, 2010.

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

PRESENTED this 6th day of December, 2010, by:

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE