**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RONNEL JACKSON, | ) | NO. ED CV 10-1600-CJC(E) |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM AND ORDER DISMISSING |
| PRISON GUARD D. LUTHER, et al., | ) | SECOND AMENDED COMPLAINT WITH |
| | ) | LEAVE TO AMEND |
| Defendants. | ) | |

For the reasons discussed below, the Second Amended Complaint is dismissed with leave to amend. See 28 U.S.C. § 1915(e)(2).

**BACKGROUND**

The pro se Plaintiff, a state prisoner incarcerated at the California Men's Colony ("CMC"), filed this civil rights action for damages on October 21, 2010. The caption of the original Complaint identified the Defendants as CMC prison guard D. Luther and the California Department of Corrections and Rehabilitation. However,

in the body of the original Complaint, Plaintiff identified only D. Luther as a Defendant, sued in Luther's official and individual capacities. In the original Complaint, Plaintiff alleged that Defendant Luther assertedly attempted to pay gang members to assault Plaintiff (original Complaint, p. 5). Plaintiff sought damages for alleged emotional and mental distress, as well as nominal and punitive damages.

On October 27, 2010, the Court issued a Memorandum and Order dismissing the Complaint with leave to amend. On December 1, 2010, Plaintiff filed a First Amended Complaint.

The First Amended Complaint named Luther as the Defendant, in Luther's individual capacity only. The first page of the form pleading alleged: "This lawsuit is in Response to the Emotional stress suffered by Plaintiff caused by prison guard Luther, who conspired with inmates to physically assault Plaintiff." Plaintiff purported to state a claim for violation of the Fourth Amendment.[1] The "Supporting Facts" section of the form pleading alleged, in full:

> Plaintiff was informed by three individuals that prison guard Luther had conspired with inmates to physically assault Plaintiff. One of prison guard Luther's informants who[se] nickname is "Genisis" confirmed this to a number of

---

[1] However, the Eighth Amendment, not the Fourth Amendment, governs excessive force claims by state prisoners. See P.B. v. Koch, 96 F.3d 1298, 1303 n.4 (9th Cir. 1996).

1 people.

3 (First Amended Complaint, p. 5). Plaintiff did not allege that any
4 assault ever occurred. Plaintiff sought emotional distress damages,
5 nominal damages and punitive damages (id., p. 6).

7 On December 7, 2010, the Court issued a Memorandum and Order
8 dismissing the First Amended Complaint with leave to amend. On
9 January 10, 2011, Plaintiff filed a Second Amended Complaint.

11 The Second Amended Complaint again purports to state a Fourth
12 Amendment claim against Defendant Luther in his individual capacity
13 only. The "Supporting Facts" section of the pleading states, in its
14 entirety:

16 Prison guard Luther conspired with inmates to
17 physically assault Plaintiff. Plaintiff was removed from
18 "B" Facility, pending an investigation. Upon completion of
19 said investigation, Plaintiff was transferred out of
20 Ironwood State Prison. The investigation confirmed prison
21 guard Luther's attempt to have Plaintiff assaulted.
22 Plaintiff was told that was the factor in removing him out
23 of Ironwood State Prison on June 10, 2009 and sent to the
24 administrative housing unit at Lancaster as soon as
25 possible, then to the California Men's Colony.

26 ///
27 ///
28 (Complaint, p. 5). The Second Amended Complaint seeks only nominal

and punitive damages.

### DISCUSSION

As the Court previously informed Plaintiff, conclusory allegations of conspiracy are insufficient to state a claim for relief. See Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999); Woodrum v. Woodward County, Okl., 866 F.2d 1121, 1126-27 (9th Cir. 1989). The Second Amended Complaint provides even less specificity than the First Amended Complaint with respect to Plaintiff's conspiracy claim. Therefore, the pleading is insufficient to state a claim for relief. See id.

### ORDER

The Second Amended Complaint is dismissed with leave to amend. Although it appears that Plaintiff is unable to plead a cognizable conspiracy claim, the Court will grant Plaintiff one further opportunity to attempt to do so. If Plaintiff still wishes to pursue this action, he is granted thirty (30) days from the date of this Order within which to file a Third Amended Complaint. The Third Amended Complaint shall be complete in itself. It shall not refer in any manner to any prior complaint. Plaintiff may not add Defendants without leave of court. See Fed. R. Civ. P. 21. Failure to file timely a Third Amended Complaint in conformity with this Memorandum and Order may result in the dismissal of this action. See Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002), cert. denied, 538 U.S. 909 (2003) (court may dismiss action for failure to follow court

order); Simon v. Value Behavioral Health, Inc., 208 F.3d 1073, 1084 (9th Cir.), amended, 234 F.3d 428 (9th Cir. 2000), cert. denied, 531 U.S. 1104 (2001), overruled on other grounds, Odom v. Microsoft Corp., 486 F.3d 541 (9th Cir.), cert. denied, 552 U.S. 985 (2007) (affirming dismissal without leave to amend where plaintiff failed to correct deficiencies in complaint, where court had afforded plaintiff opportunities to do so, and where court had given plaintiff notice of the substantive problems with his claims); Plumeau v. School District #40, County of Yamhill, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

IT IS SO ORDERED.

DATED: January 14, 2011.

_____
                    CORMAC J. CARNEY
               UNITED STATES DISTRICT JUDGE

PRESENTED this 11th day of January, 2011, by:

_____/S/_____
         CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE